IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**THOMAS BREEDEN,** *for himself and on behalf of others similarly situated individuals,*

Plaintiffs,

v.

**T-MOBILE NORTHEAST, LLC,**

Defendants.

Civil Action No. 3:11CV262-JRS

## JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel of record for Defendants and Plaintiff met and conferred and hereby submit this Joint Discovery Plan.

Unless specifically noted otherwise, Defendants and Plaintiff agree as follows:

1. **RULES 26(F) CONFERENCE**:

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred to formulate this Joint Discovery Plan.

2. **DISCOVERY DEADLINES**:

The parties anticipate that this matter presents unique scheduling requirements because Plaintiff seeks certification of a putative nationwide class. Defendant T-Mobile Northeast, LLC ("T-Mobile") denies that this case meets the requirements for class certification under Federal Rule of Civil Procedure 23. Nevertheless, Plaintiff's request for class certification requires the resolution of additional issues not present in non-class litigation – specifically, whether class certification is appropriate here.

The parties request that discovery in this matter be conducted in phases in order to facilitate early resolution of the certification issues. The parties request that initial discovery should be limited to discovery about Plaintiff's individual claims and the class action requirements of Fed. R. Civ. P. 23 ("Phase I Discovery"), including the requirements of numerosity, commonality, predominance and superiority. The parties request that non-class merits-based discovery ("Phase II Discovery"), including expert and fact discovery concerning absent class members' claims, should be deferred until after the Court's ruling on class certification.

The parties believe that class certification is a threshold issue that should be decided early on in the litigation. *See* Fed. R. Civ. P. 23(c)(1) (stating that the court should decide certification "[a]t an early practicable time" after commencement of a case filed as a class action); *see also* Manual for Complex Litigation, § 21.04 (4th Ed.) (stating that "[c]ourts often bifurcate discovery between certification issues and those related to the merits of the allegations.").

The parties propose that a date be set for a status conference to take place following the decision by the court regarding class certification. Depending on the Court's decision on the motion for class certification, the date of the status conference can either be used: (i) if the class is certified, as a status conference for the parties and the Court to address issues related to notice to the class, the appropriate scope and extent of Phase II discovery and the date for the trial of class claims, or (ii) if the class is not certified, as a Final Pre-Trial Conference for the trial of the named Plaintiff's individual claims.

The parties propose the following deadlines:

    a.    **Completion of Phase I Discovery**: October 21, 2011

    b.    **Plaintiffs' Motion for Class Certification**: January 3, 2012

    c.    **Defendant's Opposition to Class Certification**: January 24, 2012

2

      d.    **Plaintiffs' Reply In Support of Class Certification**: February 10, 2012

      e.    **Status Conference/Final Pre-Trial Conference**: February 15, 2012

3.    **EXPERT DISCLOSURES**:

Expert discovery on issues relevant to class certification shall be conducted according to the following schedule:

      a.    **Plaintiffs' Fed. R. Civ. P. 26(a)(2)(B) Disclosures**: October 21, , 2011

      b.    **Defendant's Fed. R. Civ. P. 26(a)(2)(B) Disclosures**: November 21, 2011

      c.    **Plaintiffs' rebuttal Disclosures**: December 5, 2011

      d.    **Completion of Expert Discovery**: January 31, 2012

This does not limit the ability of the parties to designate experts on issues other than class certification after class certification is decided, nor does this limit disclosure requirements or discovery concerning those experts on their merits opinions.

4.    **INITIAL DISCLOSURES**:

The parties will exchange initial disclosures under Rule 26(a)(1) limited to class certification issues on or before **July 29, 2011.**

5.    **PRESERVATION OF DISCOVERABLE INFORMATION**:

Both parties understand the importance of preserving discoverable information. Based upon their current investigation, both parties believe they have taken reasonable steps to preserve all such information to the extent required by applicable law.

6.    **ELECTRONICALLY STORED INFORMATION**:

Electronically stored information and documents may be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests.

Documents produced in electronic form shall be produced in native format unless it is unreasonably cumbersome or expensive to do so. Hard copies shall be bates numbered.

7. **CLAIMS OF PRIVILEGE & PROTECTION OF TRIAL MATERIAL:**

Both parties anticipate that a Protective Order will be necessary in this matter to protect the confidentiality of the personal information of the named plaintiffs and the absent class members, as well as the confidential business records and practices of T-Mobile. The parties will confer on such a Protective Order, which will include procedures for asserting claims of privilege or protection, and submit a proposed order, or alternative proposed orders, to the Court upon the exchange of initial disclosures.

8. **SERVING AND FILING PLEADINGS:**

All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the parties agree that each has the option to serve by e-mail all discovery requests, written responses, and any other papers that are not filed with the Court. The serving party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file. For purposes of calculating response deadlines, any emailed document will be treated as having been sent via regular mail. If transmission of voluminous materials as an e-mail attachment is impractical, then those materials shall be served by regular mail, courier service or other means as agreed by the parties.

9. **PROTECTIVE ORDER:**

As addressed above, the parties have agreed to work together to agree on a form for a Protective Order and shall comply with the requirements of <u>Virginia Dep't of State Police v. The</u>

<u>Washington Post</u>, 386 F.3d 567 (4th Cir. 2004) and <u>Ashcraft v. Conoco</u>, 218 F.3d 282 (4th Cir. 2000).

10. **MAGISTRATE JUDGE**:

The parties do not consent to a trial before a United States Magistrate Judge.

11. **SETTLEMENT**:

The parties have discussed the potential for a mediation in this matter and have agreed to re-address the issue once sufficient investigation has taken place to determine the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case.

12. **DISCOVERY LIMITATIONS**:

Other than the discovery issues addressed elsewhere in this Joint Discovery Plan, the parties do not currently anticipate needing to modify the discovery limitations provided by the Federal Rules of Civil Procedure.

13. **OTHER MATTERS**:

   a. **Third-Party Subpoenas**: Any party who receives documents from a third-party pursuant to a subpoena will re-produce those documents to all other parties within five (5) business days. Where re-production of documents within five business days is not possible, the party who received the documents will provide prompt notice to all other parties and the issue will be resolved on a case-by-case basis.

   b. **Discovery Requests**: The parties agree to exchange electronic copies of discovery requests in Word format, along with copies on paper or in .pdf format.

   c. **Discovery Objections**: The parties agree that the deadline for objections to discovery requests shall be thirty (30) days from service of the requests, and such objections shall be served concurrently with a party's substantive responses

to the discovery, provided that the responding party intends to substantively respond to the discovery requests on the return date. In the event that a party does not intend to respond substantively to any discovery request, the responding party shall notify the propounding party of the particular discovery request or requests and its objections thereto within fifteen (15) days of service of the discovery to facilitate an early meet and confer on such requests. These dates are subject to extension by agreement of the parties or further order of the Court.

d. **Amended Pleadings**: Amended pleadings, including adding additional parties, may be filed without leave of Court on or before August 18, **2011**. Thereafter, pleadings may be amended only with leave of Court, and only upon a showing of good cause, unless the parties otherwise agree.

e. **Jury Demand**: A jury trial has been demanded by Plaintiffs.

**It is SO ORDERED**

**SO ORDERED**

_____/s/_____
James R. Spencer
Chief United States District Judge

Dated: July 25, 2011.